UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL HOLLAND, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:13-cv-235-TAV-CCS |
| | ) | |
| RODNEY BIVENS, | ) | |
| OFFICER McANDREWS, | ) | |
| TAMMIE STRUNK, | ) | |
| JANE DOE, and | ) | |
| DAN WALKER, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the motion to dismiss filed by defendant Walker, the motion to dismiss filed by defendants Bivens and Strunk, plaintiff's motion to subpoena medical records, and plaintiff's motions to amend the complaint to add additional defendants. For the following reasons, the motion to dismiss filed by defendant Walker [Doc. 12] will be **GRANTED IN PART** and **DENIED IN PART** and the motion to dismiss filed by defendants Bivens and Strunk [Doc. 21] will be **GRANTED IN PART** and **DENIED IN PART**; the motions to dismiss will be **GRANTED** to the extent the defendants have been sued in their official capacities and will be **DENIED** to the extent the defendants have been sued in their individual capacities. Plaintiff's motions to amend [Docs. 5 and 11] and his motion to

subpoena medical records [Doc. 6] will be **DENIED WITHOUT PREJUDICE**. In addition, defendants McAndrews and Doe will be **DISMISSED WITHOUT PREJUDICE**.

I.  **Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989).  Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'"  *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

II.  **Factual and Procedural Background**

Plaintiff brought this action while he was in the custody of the Tennessee Department of Correction; he has since been released. Plaintiff's complaint concerns an alleged denial

of medical treatment, during his confinements in the Knox County Detention Center (KCDC) and the Morgan County Correctional Complex (MCCX), for a tooth infection which spread to his left eye and resulted in loss of vision in that eye. The defendants are KCDC Administrator Rodney Bivens, Head Nurse Tammie Strunk, Officer McAndrews, Jane Doe, and MCCX Medical Services Director Dan Walker.[1]

The Court allowed service of process to issue as to defendants Walker, Bivens, Strunk, and McAndrews; the Court ordered that process would not issue against the "Jane Doe" defendant until plaintiff provided the Clerk's Office with the correct name and address of that individual. Process was returned executed as to defendants Walker, Bivens, and Strunk, and unexecuted as to defendant McAndrews. Plaintiff has yet to identify the "Jane Doe" defendant. Defendants Walker, Bivens, and Strunk move to dismiss the complaint against them for failure to state a claim upon which relief can be granted.

### III. Discussion

#### A. The Motions to Dismiss

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983

---

[1] The Court sua sponte dismissed defendants Tenova Medical Corporation, the State of Tennessee, the Morgan County Correctional Complex, and the Knox County Detention Center.

does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

As noted, plaintiff alleges he was denied medical care for an infection in his tooth which spread to his left eye. The Eighth Amendment's ban against cruel and unusual punishment obliges correctional authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the Estelle standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. at 836).

### 1. Motion to Dismiss by Defendants Bivens and Strunk

Plaintiff alleges that while in the KCDC he suffered from an abscessed tooth, that penicillin was ordered to treat it, but that nurse Jane Doe forgot to order the medication. According to plaintiff, for three weeks he was told by Nurse Doe, Head Nurse Strunk, and Administrator Bivens to be patient, during which time the infection spread to his left eye. Plaintiff further alleges that by the time he got the medication it was too late because his eye was badly damaged and he has lost part of his vision in that eye. Plaintiff brings this action against the defendants in both their individual and official capacities.

When defendants are sued in their official capacity as county employees, the Court must proceed as if plaintiff has in fact sued the county itself, in this case Knox County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Knox County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989). Plaintiff did not allege, however, that the violation of his rights was the result of any policy or custom on the part of Knox County and his complaint thus fails to state a claim for relief against the defendants in their official capacities. For that reason, the motion to dismiss will be granted to the extent the defendants have been sued in their official capacity.

With respect to the claim against them in their individual capacity, defendants Bivens and Strunk contend that the complaint does not allege any facts to establish that either of them personally examined or provided any medical care to plaintiff or that either made any medical decisions with respect to plaintiff. Assuming, however, that plaintiff's allegations are true, and construing the factual allegations in favor of the plaintiff, the Court is constrained to disagree. Read in its entirety, it would appear that plaintiff claims he complained to the defendants concerning the delay in treating his infection for a period of three weeks which in turn could demonstrate deliberate indifference on the part of the defendants to plaintiff's serious medical need. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004) (a prisoner's medical need must be addressed "within a reasonable time frame").

In addition, in support of the motion to dismiss, the defendants rely upon the affidavit of defendant Tammie Strunk for their contention. The defendants having presented matters outside the pleadings in support of their motion to dismiss, the motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). Given that, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. For that reason, the plaintiff should be given an opportunity to conduct discovery. *Alspaugh v. McConnell*, 643 F.3d 162, 166-68 (6th Cir. 2011). Under the circumstances, the motion to dismiss by the defendants in their individual capacity will be denied without prejudice with leave to file a motion for summary judgment.

### 2. Motion to Dismiss by Defendant Walker

Plaintiff alleges that after he filed a grievance about the matter with the KCDC authorities he was transferred to MCXX, where the eye doctor told him he needed to see a retina specialist. Plaintiff claims he contacted Medical Services Director Dan Walker about seeing the specialist weeks prior to filing suit but never received a response. Plaintiff alleges that his vision gets worse each day he goes without treatment. Plaintiff brings this action against the defendant in both his individual and official capacities.

A state official may be held personally liable under § 1983 in his individual capacity for actions taken in his official capacity. *Hafer v. Melo*, 502 U.S. 21 (1991). However, if a defendant is sued only in his official capacity for money damages, then that defendant is entitled to absolute immunity under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). For that reason, the motion to dismiss will be granted to the extent the defendant has been sued in his official capacity.

With respect to the claim against him in his individual capacity, defendant Walker contends that the complaint does not allege that he was indifferent to plaintiff's medical needs or otherwise personally involved in a violation of plaintiff's rights. Again, assuming that plaintiff's allegations are true, and construing the factual allegations in favor of the plaintiff, the Court is constrained to disagree. Read in its entirety, it would appear that plaintiff claims that the defendant, as director of medical services at MCCX, was the person

responsible to scheduling the appointment with the eye specialist and he failed to do so, which in turn could demonstrate deliberate indifference to plaintiff's serious medical need. Under the circumstances, the motion to dismiss by the defendant in his individual capacity will be denied without prejudice with leave to file a motion for summary judgment.

### B. The Motion to Amend

Plaintiff filed two motions to amend the complaint to add additional parties, the second motion essentially a copy of the first. In the motions to amend, plaintiff stated he had discovered that other people were involved in the alleged mismanagement of the care provided him. He sought to amend the complaint to add those individuals but did not state who they were. Accordingly, plaintiff's motions to amend will be denied without prejudice.

### C. The Motion to Subpoena

Plaintiff filed a motion asking the Court to issue a subpoena for his medical records. Plaintiff does not identify the proper custodians of the medical records he seeks and his motion to subpoena medical records will be denied without prejudice.

### D. Defendants McAndrews and Doe

The complaint was filed on April 26, 2013. Defendants McAndrews and Doe have not been served with a copy of the complaint within 120 days of the filing date. Accordingly, this action should be dismissed without prejudice as to defendants McAndrews and Doe pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IV. Conclusion**

The motion to dismiss filed by defendant Walker will be **GRANTED IN PART** and **DENIED IN PART** and the motion to dismiss filed by defendants Bivens and Strunk will be **GRANTED IN PART** and **DENIED IN PART**; the motions to dismiss will be **GRANTED** to the extent the defendants have been sued in their official capacities and will be **DENIED** to the extent the defendants have been sued in their individual capacities. Defendants Walker, Bivens, and Strunk will be **ORDERED** to file an answer or other responsive pleading to the complaint within twenty-one days from entry of the Court's Order. Plaintiff's motions to amend and his motion to subpoena medical records will be **DENIED WITHOUT PREJUDICE**. Defendants McAndrews and Doe will be **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE