UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:13-CV-235-TAV-CCS |
| ) | |
| RODNEY BIVENS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This action is before the Court on Defendant Dan Walker's Motion for Summary Judgment [Doc. 25] and the Motion of Defendants Rodney Bivens and Tammy Strunk for Summary Judgment [Doc. 32]. No responses were filed, and the time for doing so has passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, the Court will grant the motions and dismiss this action.

**I.  Background**

Plaintiff's complaint concerns an alleged denial of medical treatment, during his confinements in the Knox County Detention Center ("KCDC") and the Morgan County Correctional Complex ("MCCX"), for a tooth infection that spread to his left eye and resulted in loss of vision in that eye [Doc. 2 p. 3]. He claims he was supposed to obtain medication for his tooth infection while he was incarcerated in the KCDC, but a nurse forgot to order it [*Id.*]. Subsequently, when he asked about the medication that he had not yet received, head nurse Tammie Strunk and jail administrator Rodney Bivens allegedly

told him to be patient [*Id.*]. He further claims that he was then transferred to MCCX because he filed a grievance [*Id.*]. While there, he claims he contacted Dan Walker, director of medical services, about his condition but did not receive a response [*Id.*].

## II. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

Yet, "[o]nce the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**III.    Analysis**

According to plaintiff, he contacted defendant Walker about his eye problems and defendant Walker failed to respond [Doc. 2 p. 3]. Defendant Walker argues plaintiff cannot show that he was personally involved in the alleged violations of plaintiff's constitutional rights and *respondeat superior* is not a basis for liability under § 1983.

Also according to plaintiff, he contacted defendants Bivens and Strunk about his eye problems and they responded by telling him to be patient [Doc. 2 p. 3]. Among other things, these defendants argue plaintiff cannot show that they personally violated plaintiff's rights because they were not personally involved in the provision of his medical care.

3

A plaintiff pursuing a § 1983 claim must allege and prove that each defendant was personally involved in the alleged unconstitutional activity set out in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Liability under § 1983 cannot be based upon mere failure to act, and allegations that a defendant mishandled a grievance or failed to investigate a complaint are insufficient. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *see also Henry v. Pogats*, 35 F.3d 565, 1994 WL 462129, at *2 (6th Cir. Aug. 25, 1994) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability under § 1983." (citation omitted)). Moreover, liability cannot be imposed solely on the basis of *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bradley*, 729 F.2d at 421. Instead, liability under § 1983 must be based on active unconstitutional behavior. At a minimum, a plaintiff must show the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of his or her subordinates. *Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002).

With respect to defendant Walker, plaintiff seeks to impose liability upon defendant Walker because he did not respond to complaints about plaintiff's eye. This is insufficient to impose liability. Moreover, from evidence in the record, it appears that defendant Walker had no authority, direction, control, or influence over the medical care and treatment provided to plaintiff at MCCX, nor did he have authority, direction, or

4

control over the scheduling of plaintiff's medical appointments or surgeries [Doc. 26-1 ¶¶ 4–9]. Accordingly, the Court finds that defendant Walker is entitled to summary judgment and shall be dismissed from this action.

With respect to defendant Bivens and Defendant Strunk, upon review of the record, plaintiff asserts he complained to them about his eye problems and they failed to respond, telling him to be patient. From evidence in the record, it appears that defendant Bivens does not personally examine or provide any medical services to or for any individual KCDC inmates, nor personally direct any medical care or medical treatment, nor personally render any medical care or medical treatment decisions [Doc. 32-1 ¶¶ 2–3]. It further appears that defendant Bivens never spoke to plaintiff and was unaware that plaintiff claimed to have any need for medication treatment while he was an inmate at the facility [*Id.*].

Defendant Strunk oversees the medical staff and all inmate medical care and treatment at the detention facility on Maloneyville Road and for inmates housed at the jail in the City County Building [Doc. 32-2 ¶ 2]. The record indicates that she did not personally examine or provide medical services to or for plaintiff, nor personally direct any medical care or medical treatment, nor personally render any medical care or treatment decisions with respect to plaintiff [*Id.* ¶ 4]. And she states that plaintiff never complained to her about any delay in treating his infection [*Id.* ¶ 5]. Thus, it seems defendant Strunk was unaware of any need for medical treatment for plaintiff [*Id.*].

5

To the extent that defendants Bivens and Strunk did become aware of plaintiff's need or desire for medication and told plaintiff to be patient, liability cannot be based upon the filing of a complaint or grievance with a supervisory official who then fails to act. Accordingly, the Court finds defendants Bivens and Strunk are entitled to summary judgment and will be dismissed.

## IV. Conclusion

For the reasons explained herein, the Court will **GRANT** Defendant Dan Walker's Motion for Summary Judgment [Doc. 25] and the Motion of Defendants Rodney Bivens and Tammy Strunk for Summary Judgment [Doc. 32], and **DISMISS** this action. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE